IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| ZEBEDEE BROWN | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 1:23CV877 |
| | ) |
| GREESON, et al., | ) |
| | ) |
| | ) |
| Defendants. | ) |

ORDER AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

This case is before the Court on Defendant Sargeant Greeson's and Defendant Officer Knight's Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6). [Doc. #22]. For the reasons set out below, the Court will recommend that Moving Defendants' Motion to Dismiss be denied.

I. FACTS, CLAIMS, AND PROCEDURAL HISTORY

In this case, Plaintiff Zebedee Brown ("Plaintiff") bring claims under 42 U.S.C. § 1983 alleging that Defendants Sargeant Greeson, Officer Knight, and Officer Crista violated the Eighth Amendment, based on the alleged use of excessive force. (Compl. [Doc. #2] at 3–4.) On June 25, 2024, Defendants Greeson and Knight filed a motion to dismiss and a corresponding brief. On July 22, 2024, Plaintiff filed a response to the moving Defendants' motion with a corresponding brief and declaration.

In the Complaint, Plaintiff alleges that on May 11, 2021, at 3:11am, he woke up to use the restroom and while he was using the restroom, Defendants Greeson, Knight, and Crista entered and began harassing Plaintiff. Plaintiff alleges that after leaving the restroom, he

retrieved a picture of his child, told Defendants that his child was the reason he maintained good behavior, and sat down on his bed.  Plaintiff alleges that once he was sitting down, Defendants told him to submit to being handcuffed but when he asked what he did wrong, Defendants began to pepper spray him, and Plaintiff reacted to the pepper spray and laid on the ground.  The Complaint alleges that Defendants then approached Plaintiff, and that Defendant Greeson put his guard stick on Plaintiff's neck and strangled him.  Plaintiff alleges that Defendants Crista and Knight wedged handcuffs and shackles into Plaintiff's wrists and ankles respectively, causing him to bleed.  Plaintiff also alleges that during his encounter with Defendants, his pants were ripped open, and his genitals were pepper sprayed.  Plaintiff alleges that after the encounter ended, medical staff at the prison provided him with antibiotic ointment for his injuries to his wrists and ankles.

II. DISCUSSION

Defendants Gleeson and Knight move to dismiss Plaintiff's claim pursuant to Fed. R. Civ. P. 12(b)(6), contending that Plaintiff has failed to state a claim upon which relief can be granted.  "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).  A claim is facially plausible when the court can reasonably infer from the factual allegations that the defendant is liable for the misconduct alleged.  Id.  The Court must "construe[ ] these facts in the light most favorable to the plaintiff" but is not bound to accept legal conclusions.  Id.

Here, Plaintiff asserts claims under 1983 for alleged violation of the Eighth Amendment based on the use of excessive force.  In this regard,

> The Eighth Amendment prohibits "cruel and unusual punishments." U.S. Const. amend. VIII. This prohibition extends to the excessive force by prison officials against prisoners and forbids "the unnecessary and wanton infliction of pain." Hill v. Crum, 727 F.3d 312, 317 (4th Cir. 2013) (quoting Whitley v. Albers, 475 U.S. 312, 319 (1986)).
>
> To prove a constitutional violation for use of excessive force, the plaintiff must satisfy both an objective and a subjective component. See Brooks v. Johnson, 924 F.3d 104, 112 (4th Cir. 2019). First, the plaintiff must show that the prison official applied force "sufficiently serious to establish a cause of action;" this objective standard is "not a high bar" and requires "only something more than 'de minimis' force." Id. Second, the plaintiff must show that the officer applied force "maliciously and sadistically for the very purpose of causing harm." Id. at 113 (quoting Whitley, 475 U.S. at 320–21). An officer acts "maliciously and sadistically" when he "inflicts pain not to induce compliance, but to punish an inmate for intransigence or to retaliate for insubordination." Id. (cleaned up).

Perry v. Guill, No. 1:22-CV-872, 2024 WL 730281, at *2 (M.D.N.C. Feb. 22, 2024). Four factors can be considered to determine whether force was applied maliciously:

> (1) "the need for the application of force;"
> (2) "the relationship between the need and the amount of force that was used"
> (3) the extent of any reasonably perceived threat that the application of force was intended to quell; and
> (4) "any efforts made to temper the severity of a forceful response."

Iko v. Shreve, 535 F.3d 225, 239 (4th Cir. 2008) (quoting Whitley v. Albers, 475 U.S. 312, 321 (1986)). Force, not the resulting injury, is what "ultimately counts." Wilkins v. Gaddy, 559 U.S. 34, 38 (2010). "An inmate who is gratuitously beaten by guards does not lose his ability to pursue an excessive force claim merely because he has the good fortune to escape without serious injury." Id.

Here, Defendants Gleeson and Knight argue that Plaintiff only suffered *de minimus* injuries because he does not allege specific injuries resulting from the alleged strangulation and pepper spraying, and because he alleges that his injuries from the handcuffs and shackles were minor, as they were treated with antibiotic cream. (Defs.' Br. [Doc. #23].) However, in

considering this contention, the Court notes first that this case was already screened and allowed to proceed. As noted above, Plaintiff alleges that Defendants punished him without cause by pepper spraying him, strangling him, and cutting his wrists and ankles with handcuffs and shackles until they bled. Plaintiff alleges that he was sitting on his bed when Defendants first use force against him by deploying pepper spray "for no reason." Plaintiff alleges that he reacted to the pepper spray, and Defendants strangled him with a baton, forcibly applied handcuffs and shackles causing him to bleed, and ripped open his pants and pepper sprayed his genitals. Plaintiff further alleges that when he was lying on the ground after having been pepper sprayed, strangled, handcuffed, and shackled, Defendants continued to assault him, even though he was being fully compliant. Plaintiff also alleges that Defendants Greeson, Knight and Christa directed insults at him when he went to the bathroom to humiliate him, that Defendants attempted to interfere with his ability to fast and pray during Ramadan, and that Defendant Greeson used expletives directed at Plaintiff and called Plaintiff a racial slur, suggesting that Defendants had malicious intent in using force against Plaintiff rather than any legitimate penological objective. Plaintiff alleges that as a result of the assault, he suffered pain, physical injury, and emotional distress.

Moving Defendants focus on Plaintiff's allegations regarding his injury, arguing that his injury is *de minimus* and so cannot give rise to an Eighth Amendment claim. (Defs.' Br. [Doc. #23] at 3–4.) However, the Supreme Court has ruled that the core inquiry of an excessive force claim is the amount of force used and not the severity of the resulting injury. Wilkins, 559 U.S. at 39–40. Defendants' brief relies on cases pre-dating Wilkins, later cases involving determinations at summary judgment where the need for the use of force was

reflected in the record, and cases involving only on the use of handcuffs. Here, the Plaintiff alleges that he was pepper sprayed in his face and genitals, was dragged across the ground in handcuffs and shackles causing his wrists and ankles to bleed, and was subject to continued use of force even when he was lying on the ground attempting to comply. These allegations reflect more than a *de minimis* use of force. Plaintiff further alleges that he was not disobeying or engaging in any conduct that required the use of force, that Defendants made comments humiliating him and calling him racial slurs, and that Defendants assaulted him in retaliation for his attempts to pray and fast, raising an inference that the use of force was malicious and for the purpose of causing harm, rather than a legitimate penological objective. In the circumstances alleged, Plaintiff has sufficiently stated an Eighth Amendment claim, and any further consideration of the use of force and the reasons or need for the force would be matters to consider at summary judgment after an opportunity for discovery. Therefore, the Court will recommend that the Motion to Dismiss be denied.

III. DISCOVERY MOTIONS

The Court also notes that Plaintiff has filed a Motion for Extension of Time to Complete Discovery [Doc. #33] and a Motion to Compel Discovery [Doc. #35]. However, discovery has not yet commenced. After Defendants file their Answers, the Court will enter a Scheduling Order allowing a 4-month period of discovery. Therefore, there is no need for an extension of time to complete discovery at this time, and the motion to compel is premature, as Defendants are not obligated to respond to discovery requests until the Scheduling Order is entered. Therefore, Plaintiff's discovery motions will be denied, but any discovery issues can be considered further after a Scheduling Order is entered. However, the Court will direct

Defendants to obtain any videos or photographs of Plaintiff on May 11, 2021, and any related medical records and incident reports, and provide them to Plaintiff as part of the initial disclosures after a scheduling order is entered.

IV. CONCLUSION

IT IS THEREFORE RECOMMENDED that Defendants' Motion to Dismiss [Doc. #22] be DENIED for the reasons set out above, without prejudice to further consideration of these issues on dispositive motions after an opportunity for discovery.

IT IS ORDERED that Plaintiff's Motion for Extension of Time to Complete Discovery [Doc. #33] and Motion to Compel Discovery [Doc. #35] are denied as premature, as discovery has not yet commenced. A discovery scheduling order will be entered after Defendants file their Answers. However, counsel for Defendants is directed to obtain any videos or photographs of Plaintiff from May 11, 2021, and any related medical records and incident reports, and provide them to Plaintiff as part of the initial disclosures after a scheduling order is entered.

This, the 12th day of November, 2024.

/s/ Joi Elizabeth Peake
Joi Elizabeth Peake
United States Magistrate Judge